**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan Ramon SANTELLANO, Defendant–Appellant.**

**No. 05–41806. Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Aug. 28, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public, Sarah Beth Landau, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

---

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM: *

Juan Ramon Santellano appeals his conviction and the 48–month sentence imposed following entry of his guilty plea to one count of being found illegally in the U.S. subsequent to removal and a conviction for an aggravated felony. Santellano contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. Because the Government does not seek to enforce Santellano's appeal waiver, it is not binding. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir.2006).

Santellano's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Santellano contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Santellano properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

The judgment of the district court is AFFIRMED.